### SCOFIELD *v.* KREISER.

*(City Court of New York, General Term.   April 24, 1891.)*

REPLEVIN—TITLE TO MAINTAIN—EVIDENCE.
> Where a plaintiff, to maintain his action, must establish his title to the chattels involved, and it appears that he had leased them to a third party under an agreement that the title should vest in the latter on payment by him of certain sums of money, testimony showing what payments were made by him is material.

Appeal from trial term.

Action by Cyrus Scofield against Samuel Kreiser. Defendant appeals from a judgment for plaintiff, entered on the verdict of a jury. For former report see 3 N. Y. Supp. 803.

Argued before NEWBURGHER and VAN WYCK, JJ.

*Abram Kling,* for appellant. *McAdam & McCrea,* for respondent.

NEWBURGHER, J. The plaintiff leased to one Fairbanks certain chattels. The agreement between plaintiff and Fairbanks provided that Fairbanks should pay certain sums of money, as therein set forth; and it further provided that no title should be acquired by said Fairbanks until the said payments had been made as agreed. If all the payments had been made by Fairbanks, as specified in the agreement, the title would have vested in him. On the trial defendant's counsel, on cross-examination of plaintiff's manager, asked the following questions: "*Question.* And you received from Fairbanks how much money?" Objected to as immaterial. Objection sustained. Exception. "*Q.* Will you tell the court and jury how much money in all you received from Fairbanks between the month of August, 1885, and the commencement of this action?" Same objection, ruling, and exception. We think the trial justice erred in excluding the questions. They tended to show the payments made, and, if they amounted to the sum agreed to be paid, divested the plaintiff of the title to the chattels, and vested the title in Fairbanks, and would have prevented a recovery by plaintiff in this action. The judgment should be reversed, and a new trial granted, costs to abide the event.